Our next case is United States v. Santana, file number 232695. Ms. Turner, whenever you're ready. Good morning. May it please the court, counsel. My name is Denise Turner and I represent the appellant in this case, Evelio Santana. There are two issues pending before this court. One, whether Santana's constitutional rights were violated when the trial court made the different occasions determination rather than a jury. And two, whether the trial court erred in finding that Santana's two robberies occurred on different occasions. This court need not reach the second issue and may and should remand to the district court based on the United States Supreme Court's decision in Erlinger v. United States. For over 25 years, the law in this circuit was very clear and it allowed the district court to make the different occasions finding for the purposes of the Armed Career Criminal Act. It allowed the trial court to determine as a sentencing issue whether the defendant committed three or more violent felonies on occasions that were different than one another. After Santana had been sentenced and while his appeal was pending before this court, the United States Supreme Court overturned that long-standing precedent in this circuit on who the fact finder should be on the different occasions issue and what the standard of proof should be. The U.S. Supreme Court decided that that determination must be made by a jury and must be made upon proof beyond a reasonable doubt. In the district court, Santana pled guilty to being a felon in possession of a firearm. But he consistently challenged whether or not he was eligible for the Armed Career Criminal Act enhancement. He consistently challenged whether his two robbery convictions from 2001 occurred on occasions different than one another. So he clearly challenged those, Ms. Charn. I guess one of the problems that I have that I hope you can help me with is why we should not treat the judge versus jury question as waived or even as an invited error based on the exchange that counsel, that you and the prosecutor had with the district judge. And so if I'm understanding the court's question, the question is why hasn't this issue been waived? And there's two reasons why this issue has not been raised, has not been waived. One, waiver is the intentional relinquishment of a known right. And at the time, the right to a jury trial on this different occasions issue was not a known right. Well, the issue was clearly teed up by the Wooden Opinion, correct? In a sense, yes. It was teed up. It was in play. Yes. However, at the time, this court continued to maintain its precedent saying, this is what the law of the circuit is, that this is a sentencing issue for the court to determine. And so just prior to Mr. Santana's case, the Cameron Johnson case was also facing the same issue. And in that particular case, it was very, very similar where the defense counsel had argued this is an issue for the jury. The government agreed this is an issue for the jury. But the chief judge in that district said, this is what the law is in this circuit. And the Seventh Circuit has said, we're not going to revisit this issue unless and until the Supreme Court overturns Elmer Endez Torres. Right. I get all that. But we ordinarily expect people who are unhappy with current circuit law to at least raise the issue and challenge it and preserve it for future. And that doesn't seem to have happened here regarding the choice between judge and jury. I would have thought your best response would be to say that there was nothing explicit about the standard of proof in the exchange you had with the district judge. Or maybe I missed something. Well, there wasn't a whole lot of exchange between defense counsel and the district judge in terms of who the fact finder should be and what, or what the defense's position should be. So the government raised the issue and said, Your Honor, we believe that the law should be that this is a jury determination. And defense counsel didn't object. Defense counsel simply was asked by the trial judge, Is this what the law says? Is this what this Cameron Johnson opinion says? And defense counsel said, Yes, this is what the law is. But during the initial hearing, there was some agreement between the parties in terms of this is a problem. Because defense counsel says at the initial hearing, we are looking for guidance from the court. We are trying to figure out how do we litigate this ACCA issue. So there is some agreement between the parties, and the record does reflect that, that this is an issue in terms of who the fact finder should be. And so... Was there explicit discussion about the standard of proof? There was not explicit discussion about the standard of proof. The record does not reflect that there was ever a discussion of, Is this prior preponderance? Is this beyond a reasonable doubt? Ms. Turner, if we were to agree with you that there was an Erlinger error here, I'll try to say that clearly, but not waived. It was not waived, but it's preserved. What do you think the remedy would be? And I'd ask you particularly, there's been some discussion in the briefs about double jeopardy. I believe that the remedy should be that this court should simply remand to the district court. I don't believe that the issue... Remand for? Resentencing. And do you think we should say anything about the different occasion issue? Other than that there was an Erlinger error. I don't think that the court needs to say anything other than that. Other than this was an Erlinger issue, and we need to remand back to the district court for resentencing. What argument do you have based on what law that double jeopardy would attach? Make that argument right now. Pretend I'm the district judge. I just don't see one. That's why I asked. What is your double jeopardy argument? Sure. So, Your Honor, there was evidence submitted to the district court by the government and as well by defense counsel saying these are the documents that the court should consider. And the court did a very detailed analysis of what the documents were, and it was more than just the typical Shepard documents that were agreed to by both parties for the court to consider. So we're talking about the probable cause affidavit. We're talking about police reports. We're talking about other evidence, factual issues that the trial court made a determination on, that the trial court clearly considered and made a factual determination. And why couldn't the government, upon remand, present those same documents and arguments and evidence to a jury? Well, I think there could be some issues in terms of the rules of evidence and what's going to be allowed in front of a jury versus what's being allowed in front of the judge. But that doesn't prevent the government from trying. Well, sure. Double jeopardy would prevent the government from trying. Yes, that is true. And I guess my point is because the trial judge considered all of these factual issues, the same issues that would be looked at by the jury, that's where the double jeopardy issue comes in because this was more than just. . . But he found sufficient proof. You've got the Supreme Court in Monge against California said, apart from a capital case, we're just not applying double jeopardy in the sentencing context to these sorts of determinations. And here it would just be a trial error, right? The wrong back finder, wrong standard of proof. And double jeopardy doesn't bar a retrial that would cure those things. We may or may not have to grapple with this, but like Judge Kirsch, if we'd like to hear what you have to say about it. Sure. But I don't take your briefs to be saying that we need to give the parties an answer on the double jeopardy. And that's not your ask now, is it, if I'm understanding correctly? That's correct, Your Honor. Okay. But I do think that there could be some double jeopardy issues. But what has happened previously, particularly in the Erlinger case and in the Cameron Johnson case, this court simply remanded. And the government was given the option. . . Yeah, but if we do that, here's what happens, right? It gets remanded, it gets tried to a jury, the jury finds the defendant. . . Let's say the jury finds the defendant on separate occasions, and you appeal and argue double jeopardy. And we were silent on it the first time around. Here we are again a year from now, right? Sure. And it will be the same three of us. So if it's clear, why wouldn't we just deal with it right now? Let me ask you another question, although you're into your rebuttal time. You mentioned the Shepard documents and that there were more. Because Erlinger also talked about Shepard and warned that a lot of those documents are prone to error, sometimes untested, often inessential. That's a quote from Erlinger. So I was curious, and you say there are facts here from non-Shepard documents that the court was reviewing, because I was wondering why did you not raise a Shepard issue? I didn't raise a Shepard issue because I was in agreement with the documents that the court should consider. Okay. And with that, I will reserve my 50 seconds. Thank you, Mr. Turner. Okay, Mr. Clark. Thank you, Your Honor. Colin Clark on behalf of the United States. I wanted to just begin with Judge Jackson-Akumi's point. It's that if you look at, I believe it's pages 9 through 11 of the defense sentencing memo, the narrative about what happened between those two robberies is very similar to what we have argued. And so that's not a Shepard document, even though she's asserting what facts actually happened. In this case, the facts really aren't at issue. People aren't objecting to what should and should not be considered under Shepard. And so because of that, the Shepard issues, although they could have been raised, have not, were not, and we're not raising them either. We believe that this case really falls as to whether it's controlled by Richardson or Johnson, and we think it's controlled by Richardson for about four points. The first point, time and location. As the district court put it, the two robberies were an automobile drive away from each other. Compare that to Johnson, where the crimes occurred .6 miles away and approximately five minutes apart. Mr. Johnson, although he did use a car, could have run eight-minute miles and made it from one to the other on foot. And Judge Ripple, in a concurring opinion, really talks about the idea of what a contiguous location looks like and why that's important in terms of time and location, and here we just don't have that. It's much more like Richardson in that sense. Second, there's no common plan. Again, looking at things like the Marion County Affidavit, we have a discussion between Mr. Santana and his co-defendant in the 96th Street Shell robbery that they're going to go up there talking about the robbery beforehand. And then you have casing, you have an inside man, you have disguises and stealing a vehicle. You have all of this preparation for the 96th Street Shell robbery, and then no planning, no casing, no inside man, no nothing. Different motivation. Different motivation. As Mr. Santana says himself, because the inside man wasn't there and he was pretty sure he was going to get caught, he might as well get more money. I mean, he only got, what, $250 from the first robbery, and so they went ahead and robbed the second one. Mr. Clark, are you trying to argue here that there was sufficient evidence to find different occasions or that it was so clear that any Erlinger error was harmless? We made both arguments. The lead argument is de novo review, and so we're saying that they're just different occasions. And in terms of what the burden of proof would be, we argued it could all be under the reasonable probability standard, whether it's substantial prejudice, and then we also argued that it would be harmless under prong four, plain error review. And so we basically made every, we think we're correct under every standard of review. Okay, well, I don't, but at least on the harmless beyond a reasonable doubt here. And we thought that particularly because there are no issues of credibility. There's no issues of fact. This is essentially a pure question of law applying the law to the facts. And so we understand that juries are going to come to different decisions, but we would expect them to come to the same decision on the same facts in a given case because that's what, this is an objective test. Are you ignoring a part of Richardson that said it was a close call where two crimes are committed on two separate occasions, where the robberies like here had similar victims, perpetrators, methodologies, but were separated by more than an hour and 12 miles? So if in Richardson we said it was a close call, how can you confidently say here we've got beyond a reasonable doubt? Well, there seemed to be a common scheme in Richardson and Johnson where just let's rob as many convenience stores or people at bus stops as we want. And here we don't have that, and so we have no common plan. We also have the cases occurring in different counties. And so as a matter of state law, these are treated as different occasions that must be tried in different courts. And so those two factors support the government's position compared to both cases. That would be true if they had just crossed the street, crossed 96th Street, right? That is true, but the strength of that fact would then go to location and timing. And so it's not that that's irrelevant. It's just that that's a different element of the test. Can I ask you, Mr. Clark, we remanded Erlinger. And as I understand it, the U.S. has dropped the ACCA allegation in that case, is that right? And were there others that have been remanded on Erlinger issues where you all have just decided not to pursue it further? I don't know of any other case. I can tell you in that case we did not agree that there was a double jeopardy problem. We decided, my recollection is based on all the circumstances of the case, we just decided not to retry Mr. Erlinger. And I will note in that case he was tried by information and the three predicate offenses weren't listed in the information, unlike here. And in here we also had 924E cited in the superseding indictment, and that wasn't true in the Erlinger case as well. And so it's not that. It was messier. It was a messier case. It honestly is a much messier case. And here we have a defense counsel conceding that the evidence is overwhelming on the 922G issue. And so we just don't have the problems of proof at all either that we might have in another case. Can I ask you to address the waiver issue? And in particular, I mean, if I had been the district judge and, well, I understand why he did what he did. You were asking him to anticipate, Erlinger, the defense counsel said, here's what the law is. But as to who's the decision maker, but was there any explicit waiver regarding the appropriate standard of proof? I was trying to flip furiously through the change of plea hearing before I got up here. I couldn't find the page that discusses beyond a reasonable doubt. But typically you are, during a colloquy, you discuss the burden of proof that would occur at a jury trial. Of course. I'm not talking about that. I'm talking about the exchanges that supported your waiver argument concerning the Erlinger issue. And we would say that one would necessarily follow the other. If you decide that you want a jury. But then that argument tells me there was nothing explicit about the standard of proof. Is that correct?  I'm sorry. I should answer it directly. No. And I will say that if you look at the Brough case, the Brough case might suggest that we get waiver on the one part and forfeiture on the burden of proof issue. Because in that case, after Apprendi, the defendant did concede the judge jury issue. And then the other issue was deemed forfeited. So I think that we might have to deal with it under forfeiture, thinking through that case.  Thank you. That makes sense to me. Yeah. Otherwise we'd have to extrapolate, right, from the discussion of a jury, that jury equals beyond a reasonable doubt. And here the district judge did not make findings beyond a reasonable doubt. Right. And we always argue that it was waived or at least forfeited. And so perhaps forfeiture is the better. And then your argument would be under the fourth Alano factor that there's essentially harmless error here because the jury would conclude beyond a reasonable doubt that the robberies were committed on separate occasions, if properly instructed. We made the argument that it should be under the third prong, a reasonable probability that he would have been acquitted under Greer. But this court in dicta has over and over again said that that is not correct. Now, all of those cases were pre-Greer, I suppose, and Greer did deal with an issue in an indictment. But we made that argument, and this court has always decided in dicta that that's not the case. And the one case that did seem to follow it is just factually quite different. It dealt with a guy who had pled guilty to a mail fraud with a statutory maximum of five years. And he was sentenced to 260 some odd months. And this court said, of course, there's substantial prejudice there. And it cited CF, this line of cases that assumed under Apprendi it's not a reasonable probability of acquittal. But we think that Greer is the better standard. But if not, harmless error. No matter what, this court would have to deal with it under harmless error. And the one other thing that I want to say that distinguishes this case from both Richardson and Johnson is the opportunity to stop. In this case, we have Santana at admission, which even if regardless of whether this is a Shepard document or not, we have him admitting that he decided that he would commit the second robbery. And we have him turning anew again. And that goes to the purpose of the statute. The purpose of the statute in 1988 was to reduce recidivism. And we think that the fact that with cool blood, the fact that he decided to commit a second crime, that there's direct evidence of that makes this case quite different from both Richardson and Johnson. And for all of those reasons, we think this court should affirm. Thank you, Mr. Clark. Ms. Turner, do you have anything else? Yes, very briefly, Your Honors. I just wanted to respond to the government's argument that the government believes that the jury should come to the same conclusion because the facts were the same as what was presented to the trial judge. The government ignores the fact that even though these two robberies happened in two different counties, both of those trial judges ran those sentences concurrently, which indicates that those trial judges, two different trial judges, found that this was an episode of a crime spree, an episode of criminal conduct. So we've got two state court judges saying this is one episode, but then we've got one federal district court saying— Would that be admissible in front of a jury? I think it would be, yes. I think it absolutely would be. There was discussion in the sentencing hearings in both of those counties. The sentencing abstract indicates that they're both running concurrently. So, yes, I do believe that information would have been in front of the jury. I remember wondering during the oral argument in this court in Erlinger how on earth one should ask a jury to decide these issues. I know Judge Jackson Acumi remembered that. I remember that. I'm trying to imagine telling prospective jurors what we're about to ask them to do, but that's what Erlinger tells us to do. We'll do our best. Thank you, Your Honors. Thank you, Mr. Turner. Okay, the case will be taken under advisement.